IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| DAVID ERON BOUKNIGHT, #1417761 | § | |
| VS. | § | CIVIL ACTION NO. 2:11cv316 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER ON PETITIONER'S MOTION FOR EXTENSION OF TIME TO RESPOND

The above-entitled and numbered civil action was heretofore referred to a United States Magistrate Judge. Having reviewed the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Magistrate Judge issued an Order on August 12, 2011, directing Petitioner to respond within fourteen days and show cause whether his petition should be dismissed as time-barred. *See* docket entry #3. Petitioner did not respond at all. Accordingly, on September 6, 2011, the Magistrate Judge issued a Report and Recommendation (docket entry #5) ("R&R") that Petitioner's petition be dismissed without prejudice for failure to prosecute and failure to obey an order. Petitioner still did not respond. On September 30, 2011, the District Judge then presiding[1] adopted the R&R and dismissed the case without prejudice. No further communication was received from Petitioner until December 19, 2011, when he filed a "Motion for Discovery" seeking a copy of the R&R, which the Court granted.

Petitioner has now filed a "Motion for a Time Extension" (docket entry #11), in which he contends that he had been bench-warranted away from his address of record at the Texas Department

---

[1] Judge Folsom retired from the bench in March 2012. This matter has been reassigned to the undersigned District Judge.

1

of Criminal Justice (TDCJ), was in the Gregg County Jail when the R&R issued, and never received a copy of it. He seeks an extension of time in which to respond to the R&R or, alternatively, that the relief sought in his original petition be granted. Because judgment has already been entered based on the R&R, the Court construes this motion as a Motion for Reconsideration of the Judgment.

Petitioner has not stated a basis for his motion other than the general principles of due process and access to courts. A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was decided before the amendments to Rule

59 took effect on December 1 2009).² Here, judgment was entered on September 30, 2011. Petitioner did not file his motion until March 14, 2012, exceeding the 28 day standard of Rule 59(e).

Turning to Federal Rule of Civil Procedure 60(b), that Rule reads:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12, 2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)). Rule 60(b)(6) could be construed to apply to Petitioner's motion.

Petitioner's sole discernable argument is that he did not receive a copy of the R&R issued by the Magistrate Judge recommending dismissal of his petition before the presiding District Judge adopted it almost a month later and dismissed his case without prejudice. Therefore, he did not have an opportunity to object or otherwise respond to the R&R.

---

² Rule 59(e) was amended in 2009 to extend the time for timely filing from 10 days to 28 days. Although a Fifth Circuit case has not yet explicitly observed the change, district courts within the Fifth Circuit have widely applied it in situations such as this. *See, e.g., Alack v. Jaybar, LLC*, 2011 WL 3626687, at *2 & n.4 (E.D. La. Aug. 17, 2011) (citing *Shepherd*, 372 F.3d at 328 n.1).

In the first place, Petitioner has presented nothing at all in support of his bare allegation that he did not receive the R&R. He simply alleges in his motion that he did not. He has not submitted any form of declaration or statement by prison unit mailroom personnel, nor even his own declaration under penalty of perjury. He does assert that "he can provide the Court factual evidence that would show that the mailroom at the Jester III Unit . . . not only knew where Petitioner was but also forwarded him his personal mail, but no <u>legal mail</u>, for whatever reason." Motion at 1-2 (emphasis in original). However, he has not provided such evidence, nor even described it in support of his motion. To the extent that he simply failed to file an objection and now seeks to remedy his failure, he does not state a basis for either *de novo* review in this Court nor for appellate review. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc); *Spotts v. United States*, 613 F.3d 559, 575 (5th Cir. 2010).

Next, however, even if Petitioner did not receive a copy of the R&R in order to timely object to it, his remedy is to seek relief of some form from the judgment on the basis of a substantive reason for doing so. For example, the Fifth Circuit has "held that the district court can 'rectif[ ]y [its] initial procedural error' in not giving notice before granting summary judgment 'by ruling on a motion for reconsideration.'" *See J.D. Fields & Co., Inc. v. U.S. Steel Intern., Inc.*, 426 Fed. Appx. 271, 281 (5th Cir. 2011) (quoting *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 402 (5th Cir.1998), *cert. denied*, 526 U.S. 1034, 119 S. Ct. 1286, 143 L. Ed. 2d 378, 67 (1999)). "That is, if the party opposing the motion for summary judgment 'is afforded an opportunity . . . to present the court with evidence supporting [its] arguments' in a motion for reconsideration, 'the court's failure to provide an opportunity to respond is harmless error.'" *Id.*; *see also Simmons v. Reliance Standard Life Ins. Co. of Texas*, 310 F.3d 865, 869 n.4 (5th Cir. 2002). Here, the posture is somewhat different from the cited authorities in that there actually was no procedural error on the part of the

Court preventing Petitioner from filing an opposition to summary judgment or a motion to dismiss. Instead, dismissal was based on Petitioner's undisputed failure to respond and prosecute his case. Nonetheless, the same principle stated in *J.D. Fields* and the other cases above holds equally well here, namely, that Petitioner's recourse was to raise his substantive objections in his instant motion for reconsideration.

Of course, his instant motion, taken as true, ostensibly provides some explanation why he failed to respond to the R&R. He contends that he was bench-warranted away from his TDCJ address and kept at the Gregg County Jail for a period of at least two months. Motion at 1-2. During that time, he contends, his prison unit mailroom did not forward all of his mail to him. *Id*. He further cites *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam) and *Boag v. MacDougall*, 454 U.S. 364, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam) for the propositions that (1) he is entitled an opportunity to offer proof of his claims where his *pro se* petition was dismissed without allowing him to present his evidence on his claims and (2) as a *pro se* litigant, his pleadings should be construed liberally. Therefore, he has in fact filed his objections to the R&R, as adopted in a final judgment. Moreover, this Court has considered those arguments herein, giving them the liberal construction Petitioner desired.

Notwithstanding these arguments, however, Petitioner has not explained why he never attempted to contact the Court or the Clerk from his last such contact on July 11 and 12, 2011, when he filed his petition and paid his filing fee for this case, respectively, and December 19, 2011, when he filed his "Motion for Discovery" seeking a copy of the R&R. He certainly was aware that he had filed his habeas petition and had an open case that the Court expected to proceed. By the language in his prior Motion for Discovery, he even suggested that he was aware of the R&R (arguing that his temporary transfer to the Gregg County Jail made it "impossible for him to respond to the Court and

5

the Magistrate Judge's findings in a timely fashion."). Motion for Discovery (docket entry #9) at 1. Nonetheless, he never even sought to advise the Court of his whereabouts or request an extension of time in which to file a response or even a broader request for a temporary stay until his bench warrant was resolved. For that reason, he still failed to prosecute his case by not proactively keeping the Court informed of his whereabouts instead of passively awaiting his return to TDCJ. His arguments in his Motion for Reconsideration therefore fail.

Furthermore, he still has not addressed the underlying issue leading to the R&R. The Magistrate Judge found a basis for requiring him to show cause why his petition should not be dismissed as time-barred. *See* Order at docket entry #3. Petitioner appears to have either forgotten or ignored this fundamental requirement that led to the issuance of the R&R in the first instance.

Petitioner is reminded that the Court's dismissal of his habeas petition was without prejudice, meaning he may attempt to re-file his claims. However, he is advised that he must be prepared to immediately show cause why he is not subject to the time-bar as required above. It is accordingly

**ORDERED** that Petitioner's Motion for a Time Extension (docket entry #11) to respond to the Magistrate Judge's Report and Recommendation, construed as a Motion for Reconsideration of the Judgment, is hereby **DENIED**.

**So ORDERED and SIGNED this 9th day of April, 2012.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE