IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| DAVID ERON BOUKNIGHT, #1417761 | § | |
| VS. | § | CIVIL ACTION NO. 2:11cv316 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER ON PETITIONER'S
MOTION FOR RECONSIDERATION OF JUDGMENT

The above-entitled and numbered civil action was heretofore referred to a United States Magistrate Judge. Having reviewed the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, the Magistrate Judge issued an Order on August 12, 2011, directing Petitioner to respond within fourteen days and show cause whether his petition should be dismissed as time-barred. *See* docket entry #3. Petitioner did not respond at all. Accordingly, on September 6, 2011, the Magistrate Judge issued a Report and Recommendation (docket entry #5) ("R&R") that Petitioner's petition be dismissed without prejudice for failure to prosecute and failure to obey an order. Petitioner still did not respond. On September 30, 2011, the District Judge then presiding[1] adopted the R&R and dismissed the case without prejudice. No further communication was received from Petitioner until December 19, 2011, when he filed a "Motion for Discovery" seeking a copy of the R&R, which the Court granted. Petitioner then filed a "Motion for a Time Extension" (docket entry #11) on March 14, 2012, in which he contended that he had been bench-warranted away from his address of record at the Texas Department of Criminal Justice (TDCJ), had been in the Gregg

---

[1] Judge Folsom retired from the bench in March 2012. This matter has been reassigned to the undersigned District Judge.

1

County Jail when the R&R issued, and never received a copy of it. He sought an extension of time in which to respond to the R&R or, alternatively, that the relief sought in his original petition be granted. However, he still did not respond to the Magistrate Judge's Order to show cause on the issue of whether his underlying petition should be dismissed as time-barred. *See id*. The Court construed that motion as a Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b)(6) and denied it on April 9, 2012 (docket entry #12).

Now, in a motion entitled "Motion for Reconsideration of Judgment" (the "Motion") (docket entry #18) filed on January 18, 2013,[2] Petitioner explicitly seeks reconsideration of the Court's Final Judgment that was entered on September 30, 2011, approximately 16 months earlier. Petitioner has also filed various exhibits and an affidavit supporting his motion. *See* docket entries #19, 20.

Although the Court explained the foundational rules for such motions in its Memorandum Opinion and Order of April 9, 2012, Petitioner again has not stated a basis for his motion other than his general argument-in-chief. A motion for reconsideration may be made under either Federal Rule of Civil Procedure 59(e) or 60(b). *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 n.1 (5th Cir. 2004). Such a motion "'calls into question the correctness of a judgment.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In Re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories,

---

[2] A petitioner is entitled to a presumption of having filed his papers in federal court upon delivering them to the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). In this case, Petitioner has not affirmed that he even used the prison mail system when he filed his original petition (*see* Petition at 9) or when he mailed his Motion for Reconsideration. Although the Motion for Reconsideration includes a statement that it was "forwarded by U.S. States [*sic*] Mail, Postage Prepaid, to the <u>Clerk</u>. . ." on January 14, 2013, Motion at PageID #60, it does not attest that the prison mail system was used. Further, the postmark on the envelope used to mail the motion does not indicate the prison mail system handled the mailing. Accordingly, the Motion for Reconsideration is deemed filed on January 18, 2013.

2

or arguments that could have been offered or raised before the entry of judgment." *Id*. at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Instead, "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Resource Grp.*, 342 F.3d 563, 567 (5th Cir. 2003). Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly. *Templet*, 367 F.3d at 479 (citing *Clancy v. Employers Health Ins. Co.*, 101 F. Supp. 2d 463, 465 (E.D. La. 2000)). If a motion for reconsideration is filed within 28 days of the judgment or order of which the party complains, it is considered to be a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion. *See Shepherd*, 372 F.3d at 328 n.1; *Berge Helene Ltd. v. GE Oil & Gas, Inc.*, 2011 WL 798204, at *2 (S.D. Tex. Mar. 1, 2011) (noting that the Fifth Circuit drew the line at 10 days in *Shepherd* instead of 28 days because the case was decided before the amendments to Rule 59 took effect on December 1 2009). Here, judgment was entered on September 30, 2011. Petitioner did not file the instant motion until January 18, 2013, exceeding the 28 day standard of Rule 59(e). Accordingly, Federal Rule of Civil Procedure 60(b) must apply, if at all. That Rule states:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6); *Cazier v. Thaler*, 2010 WL 2756765, at *1 n.1 (W.D. Tex. July 12,

3

2010); *see also Reed v. Gallegos*, 2009 WL 5216871, at *1 (S.D. Tex. Dec. 29, 2009). A Rule 60(b) motion "must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order. . . ." Fed. R. Civ. P. 60(c)(1). A decision with respect to a motion to reconsider pursuant to Rule 60(b) is left to the "sound discretion of the district court and will only be reversed if there is an abuse of that discretion." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604 (5th Cir. 1986)).

To the extent Petitioner seeks relief pursuant to Rules 60(b)(1), (2), or (3), his motion must fail because it has been more than a year after the entry of final judgment. *See* Fed. R. Civ. P. 60(c). Aside from that specific time limit, Petitioner's motion overall has not been filed within a reasonable time under Rule 60(c). To be precise, it has been about 16 months since entry of final judgment in this case. A determination of a "reasonable time" depends on good cause for the delay and will be afforded only in "unique circumstances." *Osborne v. Homeside Lending, Inc.*, 379 F.3d 277, 283 (5th Cir. 2004) (citing *Pryor v. U.S. Postal Svc.*, 769 F.2d 281, 287–88 (5th Cir. 1985)). "What constitutes a 'reasonable time' depends upon the facts of each case, taking into consideration the interest in finality, the reason for the delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties." *Id*. (quoting *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)).

In this case, Petitioner did file a previous motion that the Court construed as one for reconsideration and a motion to order the production of the prison unit's mail log. He has also submitted exhibits[3] along with his instant Motion for Reconsideration that attempt to document his

---

[3] He also submitted an "Affidavit in Support of Writ" along with his Motion for Reconsideration, but it does not address or support the Motion; instead it simply restates his

4

transfers between prisons/jails, requests for copies of mail logs and related issues. *See* Motion for Reconsideration at Exhibits. However, he has completely ignored and done nothing to address the underlying basis for the dismissal of his case, namely, that (1) the Magistrate Judge issued an Order on August 12, 2011, directing Petitioner to show cause why his petition should not be dismissed as time-barred, which he has never answered except for the first time in a brief sentence in his instant Motion for Reconsideration (discussed below); and (2) Petitioner failed to keep the Court apprised of his whereabouts during the time he was bench-warranted to the Gregg County Jail for an extended period after he filed his petition. Instead, he has simply argued, and continues to argue in his instant Motion, that the Jester III Unit failed to forward his mail to him at the Gregg County Jail. That is not the point.

As noted above, Petitioner has for the first time since the Order to show cause issued on August 12, 2011, addressed the issue of the timeliness of his original petition in the instant Motion for Reconsideration. Nonetheless, he has limited himself to the following statement:

> In response to the Court's issue of time barred, Petitioner asserts that he had other post conviction proceedings pending against him which tolls the statute of limitations in a Habeas Corpus Action. (See Cause No. 31,052A-Gregg Co.). This proceeding was only resolved in August of 2011. Petitioner filed his appeal in July of 2011, well ahead of the one year statute of limitations.

Motion for Reconsideration at 1 (PageID #56). He followed this terse, and wholly unsatisfactory, statement with a brief summation of his claims in his petition, but has provided nothing to demonstrate the timeliness of his petition.

The reason the Magistrate Judge issued the show cause Order is that Petitioner filed his original petition on July 11, 2011. In it, he admits candidly that he pleaded guilty and was convicted

---

arguments in support of his underlying petition for writ of habeas corpus. *See generally* docket entry #20.

on January 26, 2007, in the 71st Judicial District Court of Harrison County in Cause No. 06-511X on a charge of "indecency with a child." Petition at 2. He did not appeal his conviction; did not pursue a petition for discretionary review with the Texas Court of Criminal Appeals; and did not file a petition for *certiorari* to the United States Supreme Court. *Id*. at 3. Therefore, the conviction became final thirty days after the trial court entered judgment. *See Egerton v. Cockrell*, 334 F.3d 433, 435 (5th Cir. 2003); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000), *cert. denied*, 532 U.S. 963, 121 S. Ct. 1498, 149 L. Ed. 2d 383 (2001). Pursuant to the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), the one year limitations period for the purpose of filing a federal habeas petition started running when Petitioner's conviction became final on February 25, 2007. Petitioner's federal habeas petition was therefore due not later than Monday, February 25, 2008. It was not filed until July 11, 2011.

Pursuant to the AEDPA's statutory tolling provision, 28 U.S.C. § 2244(d)(2), "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." However, in order for such statutory tolling to have effect, Petitioner must have filed his state habeas applications *prior to* the expiration of the one-year federal limitations period. *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000); *Palacios v. Stephens*, - - - F.3d - - - -, 2013 WL 3762674, at *3 (5th Cir. July 18, 2013). He admits he filed two state habeas applications, the first on June 21, 2010, which was ultimately denied by the Texas Court of Criminal Appeals on November 30, 2010, and the second on December 20, 2010, which the Texas Court of Criminal Appeals denied on May 4, 2011. *See* Petition at 3-4. The Court has verified that Petitioner has not filed any other petition for discretionary review or application for state habeas corpus relief to the Texas Court of Criminal Appeals by reviewing its docket. The earliest state habeas

application Petitioner filed in June 2010[4] was nearly two and one-have years too late after the federal habeas limitations period expired on February 25, 2008; therefore, neither of Petitioner's state habeas applications had any statutory tolling effect on the limitations period.

Petitioner is also not entitled to equitable tolling. The United States Supreme Court has observed that a habeas petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, - - - U.S. - - - -, 130 S. Ct. 2549, 2563, 177 L. Ed. 2d 130 (2010) (citation omitted). Petitioner meets neither of these criteria and presents no argument or evidence that he does.

Returning to the issue of whether Petitioner filed his Motion for Reconsideration within a "reasonable time," he has wholly ignored the original basis for the dismissal of his case and has now delayed filing a Rule 60(b) motion for relief from the actual basis of the judgment in his case until too late for it to be given effect. *See Scheanette v. Quarterman*, 309 Fed. Appx. 870, 872-73 & n.2 (5th Cir. 2009) (per curiam) (nearly two years between entry of judgment and Rule 60(b) motion was unreasonable); *Hayden v. Quarterman*, 2010 WL 272006, at *4 (N. D. Tex. Jan. 21, 2010) (Rule 60(b) motion not reasonably timely when filed after a two year delay and claims were known to the petitioner, citing *Earl v. Johnson*, 51 F.3d 1043, 1005 WL 153083, at *1 (5th Cir 1995); *Scheanette*,

---

[4] The Court is fully aware that Petitioner would have the benefit of a presumption of filing as of the date he placed his state habeas applications into the prison mailing system under the state mailbox rule. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013). None of Petitioner's filings, nor the docketing website of the Texas Court of Criminal Appeals, reflects the date of such mailing for either of Petitioner's two state applications. Absent obtaining the complete state habeas records from the Director, the Court cannot ascertain the precise date such mailing took place. However, even granting Petitioner the benefit of a full month with the greatest exercise of caution and construing his first mailing to be credited as of May 21, 2010, he still would have been two years and three months too late with his filing. For the purpose of ruling on this Motion for Reconsideration, it is unnecessary to explore this avenue any further.

*supra*, 309 Fed. Appx. at 873 n.2; *First Republic Bank Fort Worth v. Norglass, Inc.*, 958 F.2d 117, 120 (5th Cir. 1992); *Bilbrey v. Quarterman*, 2006 WL 1982489, at *2 (N.D. Tex. July 11, 2006)); *Henderson v. Dretke*, 2008 WL 731972, at *2 (N.D. Tex. Mar. 19, 2008); *see also Green v. Johnson Richards & Co.*, 2011 WL 5190282, at *5 & n.11 (M.D. La. Oct. 12, 2011) (citing cases). Accordingly, and wholly aside from the fact that his original petition was untimely filed, the Court hereby finds that the Motion for Reconsideration was not filed within a "reasonable time." Fed. R. Civ. P. 60(c).

It is accordingly

**ORDERED** that Petitioner's Motion for Reconsideration of Judgment (docket entry #18), construed pursuant to Fed. R. Civ. P. 60(b) & (c), is hereby **DENIED**.

**So ORDERED and SIGNED this 27th day of August, 2013.**

                                                                                            _____
                                                                                            RODNEY GILSTRAP
                                                                                            UNITED STATES DISTRICT JUDGE