IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| DAVID ERON BOUKNIGHT, #1417761 | § | |
| VS. | § | CIVIL ACTION NO. 2:11cv316 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION AND ORDER
DENYING CERTIFICATE OF APPEALABILITY

Petitioner David Eron Brouknight filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 11, 2011. He now files a Motion for Certificate of Appealability (docket entry #24).

**I. BACKGROUND**

On August 18, 2011, the Court issued an Order that Petitioner respond within 14 days of receipt of the Order as to why his petition should not be dismissed as time-barred, based on the Court's review of the petition itself. Petitioner did not respond; instead the mailing was returned to the Court as undeliverable. Accordingly, the assigned Magistrate Judge issued a Report and Recommendation ("R&R") that the petition be dismissed without prejudice for Petitioner's failure to prosecute. Petitioner filed no objections. The R&R was adopted and an Order of Dismissal with a Final Judgment were issued on September 30, 2011, dismissing the petition without prejudice.

On December 19, 2011, Petitioner filed a "Motion for Discovery" in which he stated that he had been bench warranted to Gregg County on an unrelated case was returned to his TDCJ Unit in September 2011. *See* docket entry #9. He claimed that he received the Order of Dismissal and Final

1

Judgment on October 6, 2011 (*id*.), and received his legal papers back on November 7, 2011 (*id*.). However, he did not file, nor did he claim to have filed, a change of address at any time during his bench-warranted move to the Gregg County Jail. Instead, having filed his federal petition on July 11, 2011, he failed to inform this Court of his address or a means by which to contact him at any time during his move and subsequent return until his "Motion for Discovery" in December 2011.

The Court granted the Motion for Discovery and directed the Clerk to forward a copy of the R&R to Petitioner. *See* docket entry #10. Petitioner then filed a "Motion for a Time Extension," effectively seeking leave to respond out of time to the R&R. In so doing, he focused on the original, underlying Order the Magistrate Judge issued directing him to show why his petition should not have been dismissed as time-barred; however, he completely ignored the actual reason his petition was ultimately dismissed without prejudice, which was that he had wholly failed to inform the Court of his address or whereabouts for a period of several months. *See* docket entry #11. Instead, he simply claimed that the TDCJ mail room should have forwarded his mail to him at the location to which he had been moved under the Gregg County bench warrant. So arguing, he ignored the responsibility he had to keep this Court informed of his address.

On April 9, 2012, the Court addressed Petitioner's argument, stating:

Notwithstanding these arguments, however, Petitioner has not explained why he never attempted to contact the Court or the Clerk from his last such contact on July 11 and 12, 2011, when he filed his petition and paid his filing fee for this case, respectively, and December 19, 2011, when he filed his "Motion for Discovery"seeking a copy of the R&R. He certainly was aware that he had filed his habeas petition and had an open case that the Court expected to proceed. By the language in his prior Motion for Discovery, he even suggested that he was aware of the R&R (arguing that his temporary transfer to the Gregg County Jail made it "impossible for him to respond to the Court and the Magistrate Judge's findings in a timely fashion."). Motion for Discovery (docket entry #9) at 1. Nonetheless, he never even sought to advise the Court of his whereabouts or request an extension of time in which to file a response or even a broader request for a temporary stay until his bench

2

warrant was resolved. For that reason, he still failed to prosecute his case by not proactively keeping the Court informed of his whereabouts instead of passively awaiting his return to TDCJ.

See Memorandum Opinion and Order on Petitioner's Motion for Extension of Time to Respond, dated April 9, 2012 (docket entry #12), at 5-6.

Nine months later, and 16 months after entry of judgment, on January 18, 2013, Petitioner filed a Motion for Reconsideration of Judgment (docket entry #18). Without recounting at length the full content of the Court's Memorandum Opinion and Order denying reconsideration, the Court found that the Motion for Reconsideration was untimely under the one-year limit of Fed. R. Civ. P. 60(c) for relief pursuant to Fed. R. Civ. P. 60(b)(1), (2) or (3) and that it was not filed within a "reasonable time" for relief pursuant to Fed. R. Civ. P. 60(b)(4), (5) or (6). See Memorandum Opinion and Order, docket entry #23, at 4-7. Furthermore, the Court found Petitioner not entitled to equitable tolling pursuant to *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562-63, 177 L. Ed. 2d 130 (2010) (a petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way").

The Court expressly notes that Petitioner has never filed a notice of appeal since the Court dismissed his petition and entered final judgment.

Now, on October 8, 2013, Petitioner has filed a Motion for Certificate of Appealability ("COA") (docket entry #24), which is the subject of the instant Memorandum Opinion and Order.

## II. DISCUSSION AND ANALYSIS

A habeas corpus petitioner must obtain a certificate of appealability before he can appeal a district court's decision. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir.), *cert. denied*, 540 U.S. 956, 124 S. Ct. 408, 157 L. Ed. 2d 293 (2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Supreme Court has held that a certificate of appealability is a "jurisdictional prerequisite" and a court of appeals lacks jurisdiction to rule on the merits until a certificate of appealability has been issued. *Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

Here, Petitioner sought reconsideration of the Court's judgment and now seeks a COA. It is not clear from Petitioner's motion that he understands the purpose of a COA. Moreover, the motion is also unclear as to whether Petitioner seeks to appeal from the Court's final judgment or its denial of his Motion for Reconsideration. Either way, presuming that Petitioner's aim is to pursue an appeal to the United States Court of Appeals for the Fifth Circuit, a COA is required for such an appeal. *See Canales v. Quarterman*, 507 F.3d 884, 888 (5th Cir. 2008). Nonetheless, Petitioner has offered nothing in his Motion for a COA other than the same arguments he has raised in his previous filings and the Motion for Reconsideration. Specifically, Petitioner continues to ignore the basis for

4

the dismissal of his petition - his failure to inform the Court of his address or how to contact him while also failing to communicate with the Court in any way about his petition. Instead, he contends that TDCJ should have forwarded the Court's mail to him, implicitly arguing that he had no obligation to maintain communication with this Court. Further, he argues that his petition would not have been time-barred in the first instance because he "had other post conviction proceedings pending [ ], which "TOLLS" the statute of limitations to file a Habeas Corpus. . . ." *See* Motion for COA at 2 (citing a Gregg County state court proceeding). Wholly aside from the fact that whether the petition was time-barred, that was not the basis for its dismissal. Furthermore, as the Court has already explained to Petitioner, his then-pending Gregg County state court proceeding (which he has not even specifically identified except by case number) had no power to toll his claim against his separate conviction in Harrison County, which is the operative basis of his federal petition. *See* Memorandum Opinion and Order (docket entry #23) at 5-6. Moreover, as the Court also explained in that Memorandum Opinion and Order, it is clear on the face of Petitioner's petition that it was in fact untimely filed and would have been time-barred. *Id*. at 6-7. Petitioner nonetheless persists in obstinately repeating the same, unfounded arguments in pursuit of a COA.

Therefore, Petitioner has not shown that the decisions dismissing his original § 2254 motion, or his Rule 60(b) motion for reconsideration, were wrong. His petition was dismissed without prejudice for failure to prosecute. Even if Petitioner had responded on the issue of whether his petition was timely filed, the Court would have unequivocally found that it was not, which would have been grounds for a dismissal with prejudice. Finally, Petitioner has not filed any timely notice of appeal in this case, either within 30 days of the original judgment or within 30 days of the Court's denial of Petitioner's Motion for Reconsideration. *See* Fed. R. App. P. 4(a)(1)(A). His arguments

5

have no merit.

Petitioner has not shown that jurists of reason would find the assessment of his claims debatable. Instead, reasonable jurists could not debate the dismissal on substantive or procedural grounds. *Slack*, 529 U.S. at 484. In conclusion, Petitioner simply has not made a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 327. He is not entitled to a COA. It is accordingly

**ORDERED** that Petitioner's Motion for Certificate of Appealability (docket entry #24) is **DENIED**. It is further

**ORDERED** that all motions not previously ruled on are **DENIED**.

**So Ordered and Signed on this**

**Nov 14, 2013**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE